UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81234-BLOOM/Valle

RODERICK SUTTON and
JACQUELINE PETERSON,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Ocwen Loan Servicing, LLC's ("Defendant") Motion to Dismiss, ECF No. [8], Plaintiffs Roderick Sutton and Jacqueline Peterson's (collectively, "Plaintiffs") Complaint, ECF No. [1-1] at 8. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiffs initially filed this action on June 17, 2016 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, seeking relief for Defendant's alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024, *et seq.* ("Regulation X"). *See* Compl. ¶¶ 1-2. Specifically, Plaintiffs seek remedies for Defendant's alleged failure to comply with § 2605(k) of RESPA and § 1024.36 of Regulation X. *See id.* ¶ 3. Defendant timely removed the matter to this Court, and now moves to dismiss the Complaint with prejudice.

Plaintiffs allege that they mailed a written Request for Information ("RFI") to Defendant pursuant to Regulation X. *Id.* ¶ 14; Ex. A, ECF No. [1-1] at 17 (the "RFI"). Plaintiffs sent their RFI by certified mail, which Plaintiffs and their counsel tracked through the certified mailing tracking number. *See id.* ¶ 15. The RFI was delivered to Defendant on February 13, 2016 and the certified return receipt (the "Certified Receipt") was signed by Defendant's agent that same day.[1] *See* Certified Receipt, Ex. B, ECF No. [1-1] at 23-24. Plaintiffs allege that they did not receive a written acknowledgment to Plaintiffs' RFI within the required timeframe and, therefore, sent a follow-up Notice of Error letter ("NOE") to Defendant. Compl. ¶ 16.

Plaintiffs bring two counts against Defendant for its alleged violation of 12 U.S.C. § 2605(k). In Count I, Plaintiffs allege that Defendant violated RESPA § 2605(k) through its violation of Regulation X, 12 C.F.R. § 1024.36(c), by failing to acknowledge receipt of the RFI within five days. *See* Compl. ¶¶ 25-26. In Count II, Plaintiffs allege that "[t]hrough its own conduct, Defendant has shown a pattern of disregard to the requirements imposed upon Defendants" by Regulation X. *Id.* ¶ 33. As to damages, Plaintiffs claim that as a "direct and proximate cause of Defendant's failure to comply with Regulation X and RESPA," Plaintiffs have "incurred actual damages in certified postage costs of less than $100.00 for mailing the RFI and NOE, and attorney's fees and costs." *Id.* ¶¶ 28. Plaintiffs also claim that they are entitled to statutory damages for Defendant's violation as alleged in Count II. *See id.* ¶¶ 34-35. Defendant filed the instant Motion to Dismiss on July 15, 2016. Plaintiffs' Response and Defendant's Reply timely followed. *See* ECF Nos. [11], [15].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does

---

[1] Defendant asserts that it received the RFI letter on February 17, 2016. *See* Mot. at 2.

not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

### III. DISCUSSION

Defendant moves to dismiss the Complaint on a number of grounds, including: (1) Defendant did indeed send an acknowledgment letter two days after receipt of the RFI, a fact omitted from the Complaint; (2) Plaintiffs failed to comply with paragraph 20 of Plaintiffs'

mortgage, which requires Plaintiffs to provide reasonable opportunity to cure an alleged breach; and (3) the Complaint fails to allege any facts that would constitute a pattern or practice of RESPA violations.

### A. Count I – Violation of 12 U.S.C. § 2605(k)

Plaintiffs claim that Defendant violated RESPA § 2605(k) through its violation of Regulation X. *See* Amended Complaint ¶¶ 22-23.[2] Section 2605 of RESPA governs the "servicing of mortgage loans and administration of escrow accounts," and implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection [("BCFP")], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." *See* 12 U.S.C. § 2605(k)(1)(E). Section 1024.36(c) of Regulation X, under the title "Acknowledgment of receipt," provides that

> Within five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request.

12 C.F.R. § 1024.36(c).

Defendant argues that Plaintiffs' claim must fail because Defendant indeed timely and adequately responded to the RFI. According to Defendant, it timely sent an acknowledgment letter directly to Plaintiffs on February 19, 2016 acknowledging the RFI. This letter is attached to Defendant's Motion. *See* Ex. 2, ECF No. [8-2] (the "Acknowledgment Letter").[3] Plaintiffs

---

[2] Both parties have urged the Court to review the RFI, NOE, and Certified Receipt attached to the Complaint, and the Court finds the documents central to Plaintiffs' claim. Accordingly, the Court will review the attachments as appropriate in adjudicating the Motion. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

[3] "Generally, the district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. Fed. R. Civ. P. 12(b). A court may, however, consider documents attached to a motion to dismiss without converting the motion into one for summary judgment

appear to concede that the Acknowledgment Letter was indeed sent by Defendant, and even that it was sent within the time required under section 1024.36(c). *See* Response, ECF No. [11] at 2-3. Plaintiffs, however, take issue with the fact that the letter was sent directly to Plaintiffs themselves, rather than to Plaintiffs' attorneys. *Id.* The question before the Court, therefore, turns on whether an acknowledgment of receipt of an RFI may be sent directly to the consumer ultimately requesting the information, or whether it must be sent to the consumer's attorney who has mailed the RFI. The Court finds the former more consistent with a plain reading of the statute.

Plaintiffs maintain that, construing the statute in favor of Plaintiffs and emphasizing that the statute is "[f]irst and foremost . . . a consumer protection statute," Resp. at 2 (citing *Bennett v. Bank of America, N.A.*, 126 F. Supp. 3d 871, 879 (E.D. Ky. 2015)), the Acknowledgment Letter was due directly to Plaintiffs' law firm within five days and not to Plaintiffs themselves. Plaintiffs argue that unless all responses are given to the consumer's agent, the law firm cannot make a determination of what RESPA consumer rights were violated and require a remedy.[4] Plaintiffs further argue that determining otherwise would "turn the 12(b)(6) standard on [its] head." Resp. at 3. The Court disagrees.

Although the RFI letter requests that all responses to the RFI be forwarded directly to Korte & Wortman, P.A. and provides a corresponding address, the Court declines to read into the statute a requirement that an acknowledgment need be sent to a borrower's attorney in order to

---

if the documents are (1) central to the plaintiff's claim and (2) undisputed." *Weiss v. 2100 Condo. Ass'n, Inc. @ Sloan's Curve*, No. 12-CV-80065, 2012 WL 8751122, at *1 (S.D. Fla. Oct. 17, 2012) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). The Acknowledgment Letter is undisputed because Plaintiffs do not challenge its authenticity and the Court finds that it is central to Plaintiffs' claims. Accordingly, the Court will consider this Letter without converting the Motion into one for summary judgment.

[4] Defendant contends that this argument "underscores the 'gotcha' nature of this lawsuit." Reply, ECF No. [15] at 2.

satisfy the statutory requirements. Indeed, under the plain meaning of 12 C.F.R. § 1024.36(c), the statute does not contain a requirement with respect to where an acknowledgment should be sent. Plaintiffs have not cited to—nor has the Court identified—any legal authority stating otherwise. Because Plaintiffs do not dispute the existence or authenticity of the Acknowledgment Letter or that it was timely mailed, and because the Court declines to rule that a lender is required to mail an acknowledgment to a borrower's agent and not the borrower him or herself, the Acknowledgment Letter conclusively shows that Count I of the Complaint must fail. As such, it is dismissed with prejudice.[5]

### B. Count II – Statutory Damages

For related reasons, the Court must also dismiss Count II, Plaintiffs' "pattern or practice" claim for statutory damages. "The following damages are recoverable under RESPA for a section 2605 violation: '(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.'" *McLean v. GMAC Mortgage Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009), *aff'd*, 398 F. App'x 467 (11th Cir. 2010) (quoting 12 U.S.C. § 2605(f)(1)). "[D]amages are an essential element in pleading a RESPA claim." *Renfroe v. Nationstar Mortgage, LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016). In

---

[5] The Court notes that Defendant also timely acknowledged receipt of Plaintiffs' RFI by signing the Certified Receipt. This Court has previously held that a certified mail receipt constitutes a "written response" within the meaning of section 1024.36(c). *See Meeks v. Ocwen Loan Servicing LLC*, No. 16-CV-81003, 2016 WL 3999570, at *6 (S.D. Fla. July 26, 2016). Defendant, however, presents this argument for the first time in its reply brief. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived."). Accordingly, the Court's decision does not rest upon this basis. Further, because the Court has determined that the Acknowledgment Letter satisfies the requirements under section 1024.36(c), the Court does not reach Defendant's argument that Plaintiffs failed to provide reasonable opportunity to cure pursuant to the mortgage agreement.

*Renfroe*, the Eleventh Circuit recently "observe[d] without ruling on the question, that the use of 'additional'" at § 2605(f)(1) "seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages." *Id.* at 1247 n.4. Shortly thereafter, the Supreme Court issued its decision in *Spokeo, Inc. v. Robins*, instructing lower courts as to the standing requirements necessary for a claim asserting a statutory violation. As the Supreme Court explained, standing requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (internal citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (quotations omitted). As to the "concrete" requirement, the Supreme Court explained that

> A "concrete" injury must be "*de facto*"; that is, it must actually exist. *See* Black's Law Dictionary 479 (9th ed. 2009). When we have used the adjective "concrete," we have meant to convey the usual meaning of the term—"real," and not "abstract." Webster's Third New International Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967). Concreteness, therefore, is quite different from particularization.

*Id* Importantly, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. Here, and as explained above, Plaintiffs have not suffered a concrete injury in fact. Therefore, pursuant to the Eleventh Circuit's persuasive *dicta* in *Renfroe* and the Supreme Court's guidance in *Spokeo*, Plaintiffs cannot assert a statutory violation, and Count II is dismissed.

Moreover, courts have interpreted the term "pattern or practice" in accordance with the usual meaning of the words, suggesting "a standard or routine way of operating." *McLean*, 595

7

F. Supp. 2d at 1365 (quoting *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002)). Failure to respond to one, or even two qualified written requests does not amount to a "pattern or practice." *See id.*; *In re Tomasevic*, 273 B.R. 682 (Bankr. M.D. Fla. 2002). In *Renfroe*, the Eleventh Circuit held that statutory damages may be sufficiently plead where, in addition to the alleged RESPA violation against a plaintiff, the complaint alleges unrelated RESPA violations. *See* 822 F.3d at 1247. While a plaintiff need not plead the "identities of other borrowers, the dates of the letters, and the specifics of their inquiries" to survive dismissal, *Iqbal* and *Twombly* still require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). In this case, Plaintiffs have alleged merely that "[t]hrough its own conduct Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X." Compl. ¶ 33. This claim fails to allege an impermissible "standard or routine way of operating," and Count II is dismissed. *See McLean*, 595 F. Supp. 2d at 1365.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [8],** is **GRANTED.** The Complaint is **DISMISSED WITH PREJUDICE.** The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 18th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record